CTJ

# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

OCT 1 3 2015

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | | |
|---|---|---|
| KRISTIN BROWN, *on behalf of herself and all others similarly situated*, CHARLES AMES, NORMA BAZAN, MARIA BRANCH, MONTY BUHROW, AMANDA COFFEEY, CHERRY DAVIS, PAYAM DELL, BRYAN EGGLESTON, JANICE EGGLESTON, JEFF FLETCHER, AMY FORD, KATHRYN FREED-COLLIER, JULIE GLOVER, TERANCE GRISSO, PATRICIA HENDERSON, DEBORAH JOHNSON, RENEE JOLLEY, JARED JULIAN, MYRON KIMBALL, JR., MARK LANE, JENNIFER LEDBETTER, ADAM LUCK, RILEY MASSEY, VENISA MCLAUGHLIN, ADAM MILLER, ROXIE ROLL, ELLIOT SMITH, KATHLEEN SMITH, CYNTHIA SPIGEL, SUZANNE STEVENS, and KEVIN WALDEN,<br>        *Plaintiffs*,<br><br>v.<br><br>TEXAS A&M UNIVERSITY SCHOOL OF LAW; DEAN ANDREW P. MORRISS, *individually and in his official capacity*; TEXAS WESLEYAN UNIVERSITY; and PRESIDENT FREDERICK G. SLABACH, *individually and in his official capacity*,<br>        *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:15-CV-00613-A |

---

## THE A&M DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

---

TO THE HONORABLE JOHN McBRYDE:

Pursuant to FED. R. CIV. P. 12(b)(1), Defendants Texas A&M University School of Law ("**A&M Law**") and Dean Andrew P. Morriss ("**Morriss**") in his individual and official capacities (collectively, the "**A&M Defendants**"), file this *Brief in Support of Motion to Dismiss*, explaining the claims against them are jurisdictionally barred.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iii

I. INTRODUCTION ............................................................................................... 1

II. SUMMARY OF ALLEGATIONS AND CLAIMS ............................................ 2

      A.    Factual allegations regarding A&M University's acquisition of a
           law school from TWU. ............................................................................. 2

      B.    Summary of the trademark declaratory judgment claim. ........................ 3

      C.    Summary of the § 1983 claim for equal protection. ............................... 4

      D.    Summary of remaining claims (not against the A&M Defendants). ....... 4

III. ARGUMENTS ................................................................................................... 5

      A.    Dismissal arguments regarding the trademark claim. ............................. 5

      B.    Dismissal argument regarding the § 1983 claim against A&M Law
           and Dean Morriss in his official capacity. ............................................. 7

           1.    The § 1983 damages claim is barred by sovereign immunity. ... 8

           2.    The § 1983 injunctive relief claim is barred by lack of standing
              and failure to state a cognizable claim. ..................................... 8

      C.    Dismissal arguments regarding the § 1983 claim against Dean
           Morriss in his individual capacity. ....................................................... 10

IV. CONCLUSION ................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Ad Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.*, 726 F. Supp. 522 (S.D.N.Y. 1989) ................................................................. 9

*Anderson v. United States*, 229 F.2d 675 (5th Cir. 1956) ........................................ 7

*Ash Grove Texas, L.P. v. City of Dallas*, 2009 WL 3270821 (N.D. Tex. Oct. 9, 2009) ....................................................................................................................... 11

*Bd. of Curators of the Univ. of Mo. v. Horowitz*, 435 U.S. 78 (1978) ..................... 11

*Carnaby v. City of Houston*, 636 F.3d 183 (5th Cir. 2011) ..................................... 10

*College Savings Bank v. Florida Prepaid Postsecondary Edu. Expense Bd.*, 527 U.S. 666 (1999) ........................................................................................................ 7

*Edelman v. Jordan*, 415 U.S. 651 (1974) ................................................................. 8

*Ex Parte Young*, 209 U.S. 123 (1908) ....................................................................... 8

*HEB Ministries, Inc. v. Texas Higher Educ. Coordinating Bd.*, 235 S.W.3d 627 (Tex. 2007) ................................................................................................................ 9

*Idaho Potato Comm'n v. M & M Produce Farms & Sales*, 95 F. Supp. 2d 150 (S.D.N.Y. 2000) ........................................................................................................ 7

*Judhani v. Holder*, 2011 WL 1252661 (N.D. Tex. Mar. 9, 2011) ........................... 7

*Kentucky v. Graham*, 473 U.S. 159 (1985) ............................................................... 8

*Nunez v. Simms*, 341 F.3d 385 (5th Cir. 2003) ...................................................... 10

*Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) .................................................. 10

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) ........................... 6

*Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435 (W.D. Tex. 2013) ............................... 6

*Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335 (Fed. Cir. 2006) ................................................................................................................... 7

*Thornton v. Micrografx, Inc.*, 878 F. Supp. 931 (N.D. Tex. 1995) ........................... 6

*Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745 (5th Cir. 2009) .................... 5, 6

*Washington v. Univ. of Mississippi Med. Ctr.*, 2013 WL 153171 (S.D. Miss. Jan. 15, 2013) ................................................................................................................... 5

*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) ..................................... 8

*Willowbrook v. Olech*, 528 U.S. 562 (2000) ............................................................. 4

*Xechem Int'l, Inc. v. Univ. of Texas M.D. Anderson Cancer Ctr.*, 2003 WL 24232747 (S.D. Tex. Mar. 19, 2003) ......................................................................... 7

**Statutes**

28 U.S.C. § 2201 ........................................................................................ 3, 7

42 U.S.C. § 1983 ........................................................................................ *passim*

TEX. EDUC. CODE § 51.841(3) ..................................................................... 9

TEX. EDUC. CODE § 61.003(11) ................................................................... 9

TEX. EDUC. CODE § 61.304 .......................................................................... 9

TEX. EDUC. CODE § 86.02 ............................................................................ 8

**Rules**

FED. R. CIV. P. 12(b)(1) .............................................................................. 1

# I.  INTRODUCTION

This case involves 32 graduates from Texas Wesleyan University School of Law ("**TWU Law**"), who want to be able to represent to the public that they graduated from Texas A&M University School of Law ("**A&M Law**"). Plaintiffs call themselves the "Pre-Acquisition Graduates" because they graduated before Texas A&M University ("**A&M University**") purchased the law department in 2013 from Texas Wesleyan University ("**TWU**"). Even though TWU—which was Plaintiffs' degree-conferring university—still exists today, the Pre-Acquisition Graduates are suing to force A&M University to issue them diplomas stating they graduated from A&M Law. They are also seeking $5 million in damages.

Plaintiffs assert two claims against the A&M Defendants. In Claim 1, they assert a trademark declaratory judgment claim that they have the right to use two A&M trademarks: the text mark "Texas A&M University" (Reg. No. 2273374) and the graphical seal (Reg. No. 1962785). This trademark claim is barred by sovereign immunity, but notably Plaintiffs failed to sue the actual trademark holder (The Texas A&M University System).

In Claim 2, Plaintiffs assert an equal protection claim under 42 U.S.C. § 1983. Plaintiffs claim that as Pre-Acquisition Graduates they are discriminated against because they are irrationally treated differently from law students who graduated after the 2013 acquisition. Beyond the fact that their own pleadings (and indeed, even their name as the "Pre-Acquisition Graduates") state a rational basis for differing treatment, this § 1983 claim is barred against A&M Law by sovereign immunity. Fifth Circuit precedent also explains why this § 1983 claim is barred by sovereign and qualified immunity against Morriss, in both his official and individual capacities.

Pursuant to Rule 12(b)(1), the Court should dismiss Plaintiffs' claims against the A&M Defendants with prejudice.

## II. SUMMARY OF ALLEGATIONS AND CLAIMS

### A. Factual allegations regarding A&M University's acquisition of a law school from TWU.

Plaintiffs allege that they are 32 lawyers who graduated from TWU Law between 1993 and 2013, before A&M University acquired TWU Law. Doc. #1 (Original Complaint), ¶¶ 4-35. Plaintiff Kristin Brown graduated in May 2013, and seeks to be the lead plaintiff in a purported class action of approximately 3,000 persons. *Id.* ¶¶ 4, 48.

Plaintiffs allege that in 1994, TWU purchased an existing unaccredited law school, and later obtained accreditation from the American Bar Association ("**ABA**") and the Southern Association of Colleges and Schools Commission on Colleges ("**SACS**"). *Id.* ¶ 56. TWU operated the law school as "Texas Wesleyan University School of Law" from 1994 until August 2013. *Id.* ¶ 57.

In December 2012, TWU decided to sell the law school to Texas A&M University. *Id.* ¶ 58. The transaction was completed on or about August 12, 2013. *Id* ¶ 64. The sale specifically excluded any student receivables or related causes of action related to prior semesters before the closing date. *Id.* ¶ 63(3). With respect to the degrees of prior graduates, Plaintiffs allege that on September 24, 2013, The Texas A&M University System received an email from the vice-president of SACS stating:

> Since the acquisition of the law school by Tx A&M is not retroactive, degrees earned at the law school before that time are Texas Wesleyan University degrees and should remain Texas Wesleyan University degrees.

*Id.* ¶ 105(h).

Plaintiffs allege to have requested that they be provided new degrees stating that they graduated from A&M Law—rather than TWU Law—but that this request was denied. *Id.* ¶ 83. Plaintiffs allege this violates the "special relationship that educational institutions have with their

graduates." *Id.* ¶ 93. Plaintiffs also allege this is unfair, because A&M Law has issued press releases and other material that reference Pre-Acquisition Graduates as A&M Law alumni. *Id.* ¶¶ 70-72. Plaintiffs further argue that because A&M Law was able to keep TWU Law's prior accreditation with SACS and ABA, A&M Law should be required to retroactively provide A&M University degrees to the prior graduates. *Id.* ¶ 105(b).

## B.    Summary of the trademark declaratory judgment claim.

Plaintiffs' Claim 1 is a declaratory judgment claim for "non-infringement and license of trademark," brought under 28 U.S.C. § 2201 (the federal Declaratory Judgment Act). Doc. #1 at 31. Plaintiffs appear to only bring this action against "TAMU School of Law," regarding the "Law School's marks and duties of the Law School." *Id.* ¶¶ 103, 107. The specific trademarks at issue are "the text mark 'Texas A&M University' (Reg. No. 2273374) and the graphical seal (Reg. No. 1962785) which are found on every diploma issued by a TAMU subsidiary." *Id.* ¶ 82. Plaintiffs allege these marks (the "**A&M System Marks**") are owned by the Texas A&M University System and its subsidiaries—but notably do not allege these marks are owned by A&M Law. *Id.* Plaintiffs allege that they want to "create their own diplomas without sanction," but "could face suit for trademark or copyright infringement." *Id.* ¶ 104(h).

Thus, Claim 1 seeks declaratory judgment that the Plaintiffs' use of the A&M System Marks in creating their own diplomas is non-infringement. Plaintiffs claim the right to use the A&M System marks based on estoppel, because A&M Law retained TWU Law's prior accreditation, and because A&M Law has referenced Pre-Acquisition Graduates as alumni. *Id.* ¶ 105. However, the relief sought goes well beyond trademark issues: the Complaint asks the Court "to issue a declaration that puts explicit terms to the special relationship and duties between

educational institution [*sic*] and its graduates," or at the least require A&M Law to issue diplomas to Plaintiffs. *Id.* ¶ 107.

## C.    Summary of the § 1983 claim for equal protection.

The second claim is a Section 1983 claim for equal protection brought against all Defendants for compensatory and punitive damages. *Id.* ¶ 109. Plaintiffs also seek vague declaratory relief for the "Court to require Defendants to treat all its graduates equally." *Id.* ¶ 121. Plaintiffs do not allege that they belong to any protected class, nor do they identify any constitutional right that was deprived. Instead, Plaintiffs allege that the mere fact that they were treated differently from somebody else by a state actor amounts to an equal protection violation, under the "class of one" equal protection analysis in *Willowbrook v. Olech*, 528 U.S. 562 (2000). *See* Doc. #1, ¶ 120. Plaintiffs allege "there is no rational basis for the Law School to differentiate between pre- and post-acquisition graduates. *Id.* at ¶ 121.

Notably, while Morriss (the Dean of A&M Law) is sued in his individual and official capacities, there are no factual allegations about what specific unlawful actions were attributable to him. *Id.* ¶ 38. Indeed, Morriss' name appears nowhere within the Complaint except for the paragraphs regarding service and venue. *Id.* ¶¶ 38, 42, 45.

## D.    Summary of remaining claims (not against the A&M Defendants).

The remaining claims are state law claims only asserted against TWU and its President Frederick Slabach. *Id.* ¶¶ 123-195. Plaintiffs' third claim is for breach of implied contract, alleging there was an implied contract that TWU would "protect the credibility of law degrees" that it issued. *Id.* ¶ 125. The fourth claim is for breach of an informal fiduciary relationship between TWU and its graduates. *Id.* ¶¶ 163-64. The fifth claim is for negligence in failing to maintain the

credibility of Plaintiffs' degrees. *Id.* ¶ 179. The sixth claim is for tortious interference with prospective contractual relationships. *Id.* ¶ 195.

None of these claims address the A&M Defendants, and are not further discussed.

## III. ARGUMENTS

**A.    Dismissal arguments regarding the trademark claim.**

Plaintiffs' claim for declaratory judgment regarding trademark non-infringement is barred by sovereign immunity, and is not even asserted against the right entity.

Trademark declaratory judgment claims must be directed to the trademark holder. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (explaining that the "case or controversy" requirement for standing requires a trademark holder threatening action against plaintiff). Here, Plaintiffs bring this lawsuit against "Texas A&M University School of Law," which they admit is "a component of Texas A&M University." Doc. #1, ¶ 37.

As a component department of the university, "Texas A&M University School of Law" is not even a proper party because it is not a suable entity distinct from A&M University. *See, e.g., Washington v. Univ. of Mississippi Med. Ctr.*, 2013 WL 153171, at *2 n.3 (S.D. Miss. Jan. 15, 2013) (noting university department is not a separate suable entity).

But even assuming Plaintiffs had intended to sue A&M University, by Plaintiffs' own allegations they still failed to sue the trademark holder. Plaintiffs admit that The Texas A&M University System is the owner of the A&M System Marks. Doc. #1, ¶ 2 (referencing the System as "TAMU"), ¶ 82 (stating "TAMU and its subsidiaries" own the trademarks). Moreover, Plaintiffs incorporate by reference the U.S. Patent & Trademark Office's ("USPTO") registration of "the text mark 'Texas A&M University' (Reg. No. 2273374) and the graphical seal (Reg. No.

1962785)." *Id.* ¶ 82. These two referenced USPTO registrations are attached hereto as **Exhibit A**.[1]
These two registrations confirm that the trademark owner of the A&M System Marks is "The
Texas A&M University System." **Exhibit A** at 2, 4.

Accordingly, Plaintiffs lack standing to bring their purported trademark claim against
A&M Law (or even A&M University) regarding the A&M System Marks, because they neglected
to sue the actual trademark holder. *Vantage Trailers*, 567 F.3d at 748. Moreover, because Plaintiffs
do not allege that any A&M entity was threatening suit against them, nor allege that they created
or have taken any concrete steps to creating infringing diplomas, Plaintiffs fail to meet the "two-
part test" for standing in a trademark declaratory judgment suit. *Id.* The Fifth Circuit explained
this test "required the declaratory plaintiff to show: (1) an explicit threat or other action by the
[holder of a patent or trademark], which creates a reasonable apprehension on the part of the
declaratory plaintiff that it will face an infringement suit, and (2) present activity which could
constitute infringement or concrete steps taken with the intent to conduct such activity." *Id.* These
elements are not pled here.

But even if Plaintiffs sought leave to amend to correct all the above issues, their amendment
would be futile because such trademark declaratory judgment claims against The Texas A&M
University System would be barred by sovereign immunity. *Pennhurst State Sch. & Hosp. v.
Halderman,* 465 U.S. 89, 100-02 (1984) (claims against state agencies barred unless sovereign
immunity is expressly waived).

---

[1] On a motion to dismiss, the "court may also consider attachments that were explicitly referenced in the
complaint …." *Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 447 (W.D. Tex. 2013); *see also Thornton v.
Micrografx, Inc.*, 878 F. Supp. 931, 933 (N.D. Tex. 1995) ("The complaint is deemed to include any
document attached to it as an exhibit or any document incorporated in it by reference."). Accordingly, the
Court's consideration of **Exhibit A** does not convert this motion into a summary judgment motion.

The Texas A&M University System, as a state agency, is entitled to sovereign immunity on trademark declaratory judgment claims. *See Idaho Potato Comm'n v. M & M Produce Farms & Sales*, 95 F. Supp. 2d 150, 156 (S.D.N.Y. 2000) (dismissing trademark declaratory judgment claim under 11th Amendment immunity). Courts have repeatedly held that States have not waived immunity to patent and trademark lawsuits in federal court. *See College Savings Bank v. Florida Prepaid Postsecondary Edu. Expense Bd.*, 527 U.S. 666 (1999) (holding federal trademark statute did not abrogate 11th Amendment immunity); *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1342 (Fed. Cir. 2006) (patent declaratory judgment action barred by immunity); *Xechem Int'l, Inc. v. Univ. of Texas M.D. Anderson Cancer Ctr.*, 2003 WL 24232747, at *5 (S.D. Tex. Mar. 19, 2003) (same).

Finally, should Plaintiffs attempt to assert jurisdiction under 28 U.S.C. § 2201, it is well-established that the Declaratory Judgment Act does not confer jurisdiction on a federal court where none otherwise exists. *Anderson v. United States*, 229 F.2d 675, 677 (5th Cir. 1956); *see also Judhani v. Holder*, 2011 WL 1252661, at *4 (N.D. Tex. Mar. 9, 2011) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, likewise does not operate in and of itself to waive sovereign immunity or to confer jurisdiction on the federal courts.").

Accordingly, because Plaintiffs lack standing to pursue their claims as pled, and amendment would be futile due to sovereign immunity, Claim 1 should be dismissed with prejudice.

## B. Dismissal argument regarding the § 1983 claim against A&M Law and Dean Morriss in his official capacity.

Plaintiffs bring their § 1983 equal protection claim against "the named Defendants." Doc. #1, ¶ 109. That claim is jurisdictionally barred against named defendants A&M Law and Morriss in his official capacity (the individual capacity claim is addressed later).

1.     **The § 1983 damages claim is barred by sovereign immunity.**

Plaintiffs assert a § 1983 equal protection claim seeking in excess of $5 million in compensatory and punitive damages. *Id.* ¶¶ 109, 197. A&M Law (as an academic unit of A&M University) is a state agency entitled to sovereign immunity against § 1983 claims requesting any kind of relief. *See* TEX. EDUC. CODE § 86.02 (signifying that A&M University was created by the laws of the State of Texas). It is well-settled that the Eleventh Amendment deprives a federal court of jurisdiction to hear a § 1983 claim against the State of Texas or any of its agencies, regardless of the relief sought. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983."). Claim 2 is thus jurisdictionally barred against A&M Law.

An official capacity suit is to be treated as a suit against the entity. *See id.; see also Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As such, § 1983 claims against a state official in his official capacity for damages are barred by the 11th Amendment. *Edelman v. Jordan*, 415 U.S. 651 (1974); *Aguilar v. Tex. Dep't of Crim. Justice, Institutional Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998). Accordingly, Plaintiffs' § 1983 claim for damages is barred by immunity for both A&M Law and Morriss in his official capacity.

2.     **The § 1983 injunctive relief claim is barred by lack of standing and failure to state a cognizable claim.**

The 11th Amendment does not preclude suits against a state official in his official capacity for prospective injunctive relief. *See Ex Parte Young*, 209 U.S. 123 (1908). Here, Plaintiffs sued Morriss in his official capacity as Dean of A&M Law, and make the vague injunctive relief request for the "Court to require Defendants to treat all of its graduates equally." Doc. #1, at ¶¶ 38, 121. This request is clarified elsewhere in the Complaint as asking the Court to require A&M Law to "reissue diplomas to those graduates" who obtained degrees from TWU Law. *Id.* ¶ 3. However,

Plaintiffs' theory of the case regarding their standing both on their injury and the redressability of their claim are simply incorrect.

As an initial matter, a prior court considering the standing of alumni to challenge a university's actions regarding alumni based on "equal protection" found that the alumni group lacked standing. *Ad Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.*, 726 F. Supp. 522, 524 (S.D.N.Y. 1989). In that case, a minority alumni group asserted an equal protection claim against a College for not receiving the same assistance that another alumni entity received. *Id.* The Court dismissed the claim, noting, "it is apparent that, upon graduation, one may no longer look to one's alma mater for other than such things as a transcript of grades as needed." *Id.* at 523. The Court reasoned "alumni groups have no standing to challenge college policies in a court of law because they lack a concrete interest in those administrative practices." *Id.* at 524 n.3. Similarly here, Plaintiffs as an alumni group have no standing to challenge a university's policies regarding other alumni.

Moreover, the Plaintiffs lack standing to sue A&M Law because they did not receive their degrees from A&M Law (or its predecessor, TWU Law)—they actually received the degrees from a degree-granting university, TWU. As a matter of Texas law, universities are the entity that issues degrees (such as the J.D. degrees at issue here).[2] *See* TEX. EDUC. CODE § 61.304; *see also HEB Ministries, Inc. v. Texas Higher Educ. Coordinating Bd.*, 235 S.W.3d 627, 631-34 (Tex. 2007) (explaining that only institutions with certificates of authority from the Texas Higher Education Coordinating Board may issue degrees). TWU—which still exists—was the university issuing

---

[2] The Texas Education Code explains that a "degree required for licensure as an attorney" is issued by a "degree program as defined by Section 61.003." TEX. EDUC. CODE § 51.841(3). Section 61.003 defines a "degree program" as a "grouping of subject matter courses which, when satisfactorily completed by a student, will entitle him to a degree from a public senior **college or university**." *Id.* § 61.003(11) (emphasis added).

degrees to Plaintiffs, and not TWU Law (which was no separate entity). Thus, with respect to their degrees, Plaintiffs are not alumni of A&M University, and have no standing to sue it.

The further problem with Plaintiffs' theory of redressability is that to the extent Plaintiffs seek new degrees, they would have to be issued by A&M University, not by A&M Law. Plaintiffs only sue Morriss (as Dean of A&M Law), and not any A&M University official with the right or power to issue A&M University degrees. Accordingly, Plaintiffs lack the "redressability" portion of standing for their claim against Morriss, and there is no *Ex Parte Young* exception to sovereign immunity. *See Okpalobi v. Foster*, 244 F.3d 405, 426-27 (5th Cir. 2001) (because the defendant officials did not have authority or power to redress the injuries alleged, sovereign immunity precluded the official capacity claim).

Accordingly, because Morriss lacks the ability to redress Plaintiffs' injuries by issuing them diplomas from A&M University, the injunctive relief claim against him in his official capacity is still barred by sovereign immunity. *Okpalobi*, 244 F.3d at 426-27.

## C.   Dismissal arguments regarding the § 1983 claim against Dean Morriss in his individual capacity.

While the same standing arguments raised above similarly apply to the individual capacity claims against Morriss, there are further pleading grounds to dismiss this claim.

Plaintiffs make no factual allegations regarding Dean Morriss. "Under § 1983 ... a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011). Plaintiffs have not and cannot overcome the heightened pleading burden for overcoming Dean Morriss' qualified immunity. *Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003) ("Heightened pleading in qualified immunity cases requires that plaintiffs rest their complaint on more than conclusions alone and plead their case with precision and factual specificity").

Moreover, permitting amendment would be futile, as Plaintiffs' own allegations have already invalidated their equal protection claim by admitting that they are not similarly situated as post-acquisition graduates. *See Ash Grove Texas, L.P. v. City of Dallas*, 2009 WL 3270821, at *12 (N.D. Tex. Oct. 9, 2009) (granting motion to dismiss equal protection claim where complaint admitted to differences). Just like in *Ash Grove*, here Plaintiffs do "not identify a suspect class nor … plead fundamental rights," and Plaintiffs admit the proper standard of review is "rational basis." *Id.* The mere fact that Plaintiffs disagree with the stated rationale for differential treatment "does not allege facts sufficient to support a claim the governmental entities have acted irrationally." *Id.* Here, Plaintiffs set forth the rationale, as given by a SACS accreditation official:

> Since the acquisition of the law school by Tx A&M is not retroactive, degrees earned at the law school before that time are Texas Wesleyan <u>University</u> degrees and should remain Texas Wesleyan <u>University</u> degrees.

Doc. #1, at ¶ 105(h) (emphasis added). Plaintiffs may disagree with the rational, but they have not pled that Morriss (or a governmental entity) acted without a rational basis.

As a final note, Plaintiffs are, in effect, trying to control A&M University's admissions and graduation decisions with this lawsuit. They want to be declared graduates of A&M University's law school, despite A&M University never admitting them. Courts have avoided interjecting themselves in academic decision-making such as admissions and graduation determinations. *See Bd. of Curators of the Univ. of Mo. v. Horowitz*, 435 U.S. 78, 89-90 (1978) (noting that courts are ill-equip to review academic determinations). This Court similarly need not interject itself into admissions/graduation decisions, and should dismiss Plaintiffs' claims with prejudice.

## IV. CONCLUSION

The A&M Defendants respectfully request that the Court dismiss all of Plaintiffs' claims against them with prejudice, and grant such other relief as the A&M Defendants are justly entitled.

Dated: October 12, 2015

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Defense Litigation

ANGELA COLMENERO
Division Chief - General Litigation

DREW L. HARRIS
State Bar No. 24057887
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4093
(512) 320-0667 FAX
drew.harris@texasattorneygeneral.gov

*ATTORNEYS FOR THE A&M DEFENDANTS*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via email on October 12, 2015, upon the following individuals:

Warren V. Norred
NORRED LAW, PLLC
wnorred@norredlaw.com

Robert Bragalone
GORDON & REESE LLP
bbragalone@gordonrees.com

DREW L. HARRIS

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sun Oct 11 03:21:01 EDT 2015*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

# Typed Drawing

**Word Mark**   TEXAS A&M UNIVERSITY

**Goods and Services**   IC 006. US 002 012 013 014 023 025 050. G & S: Non-electric metal bells and metal license plate frames. FIRST USE: 19820000. FIRST USE IN COMMERCE: 19820000

IC 009. US 021 023 026 036 038. G & S: Computer software, namely, screen savers. FIRST USE: 19940000. FIRST USE IN COMMERCE: 19940000

IC 014. US 002 027 028 050. G & S: Clocks. FIRST USE: 19910000. FIRST USE IN COMMERCE: 19910000

IC 016. US 002 005 022 023 029 037 038 050. G & S: Postcards and periodicals featuring sites and scenes associated with the university such as school mascot Reveille, Kyle Field Football Stadium and the annual Bonfire. FIRST USE: 19820000. FIRST USE IN COMMERCE: 19820000

IC 020. US 002 013 022 025 032 050. G & S: Wooden plaques. FIRST USE: 19870000. FIRST USE IN COMMERCE: 19960000

IC 021. US 002 013 023 029 030 033 040 050. G & S: Insulated beverage holders for cans or bottles. FIRST USE: 19940000. FIRST USE IN COMMERCE: 19940000

IC 024. US 042 050. G & S: Afghans. FIRST USE: 19930000. FIRST USE IN COMMERCE: 19930000

IC 025. US 022 039. G & S: Clothing, namely, jackets, caps, t-shirts and shirts.

**EXHIBIT A**

FIRST USE: 19870000. FIRST USE IN COMMERCE: 19870000

IC 028. US 022 023 038 050. G & S: games, namely, board games trading cards, golf club head covers and golf clubs. FIRST USE: 19880000. FIRST USE IN COMMERCE: 19880000

(CANCELLED) IC 030. US 046. G & S: [ candy ]. FIRST USE: 19930000. FIRST USE IN COMMERCE: 19930000

IC 041. US 100 101 107. G & S: education services, namely, providing courses of instruction at the college level, and entertainment services, namely, organizing and conducting intercollegiate sporting event and musical performances by a marching band. FIRST USE: 19690000. FIRST USE IN COMMERCE: 19690000

IC 042. US 100 101. G & S: Food preparation services. FIRST USE: 19890000. FIRST USE IN COMMERCE: 19890000

| | |
|---|---|
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75320701 |
| **Filing Date** | July 8, 1997 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 8, 1999 |
| **Change In Registration** | CHANGE IN REGISTRATION HAS OCCURRED |
| **Registration Number** | **2273374** |
| **Registration Date** | August 31, 1999 |
| **Owner** | (REGISTRANT) Texas A&M University Instution of Higher Education TEXAS 200 Technology Way College Station TEXAS 778453424<br><br>(LAST LISTED OWNER) THE TEXAS A&M UNIVERSITY SYSTEM INSTITUTION OF HIGHER EDUCATION TEXAS 301 TARROW STREET JOHN B. CONNALLY BUILDING COLLEGE STATION TEXAS 778407896 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Prior Registrations** | 1738698;2140665;AND OTHERS |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "A&M UNIVERSITY" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL-2(F) |

**Affidavit Text** SECT 15. SECT 8 (6-YR). PARTIAL SECTION 8(10-YR) 20090811.

**Renewal**      1ST RENEWAL 20090811

**Live/Dead Indicator**      LIVE

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Trademark Electronic Search System (TESS)



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

# Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Sun Oct 11 03:21:01 EDT 2015*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | TEXAS A&M UNIVERSITY 1876 |
| **Goods and Services** | IC 011. US 021. G & S: lamps and lamp shades. FIRST USE: 19900000. FIRST USE IN COMMERCE: 19900000 |
| | IC 014. US 028. G & S: watches, clocks, pendants, and charms. FIRST USE: 19810000. FIRST USE IN COMMERCE: 19810000 |
| | IC 016. US 038. G & S: decals, bookcovers, stickers, business cards, and bookends. FIRST USE: 19820000. FIRST USE IN COMMERCE: 19820000 |
| | IC 020. US 032. G & S: stadium seats, lap desks, and wood plaques. FIRST USE: 19920000. FIRST USE IN COMMERCE: 19920000 |
| | IC 021. US 002. G & S: etched glass beverage glassware, mugs and tumblers. FIRST USE: 19920000. FIRST USE IN COMMERCE: 19920000 |
| | IC 024. US 042. G & S: towels and pennants not made of paper. FIRST USE: 19900000. FIRST USE IN COMMERCE: 19900000 |
| | IC 025. US 039. G & S: sweaters, boots, robes, and shirts. FIRST USE: 19890000. FIRST USE IN COMMERCE: 19890000 |

IC 027. US 050. G & S: wall hangings not of textile. FIRST USE: 19900000. FIRST USE IN COMMERCE: 19900000

IC 028. US 022. G & S: Christmas tree ornaments. FIRST USE: 19910000. FIRST USE IN COMMERCE: 19910000

IC 030. US 046. G & S: sugar. FIRST USE: 19830000. FIRST USE IN COMMERCE: 19830000

IC 041. US 107. G & S: educational services, namely providing courses of instruction at the college level and entertainment services, namely organizing and conducting intercollegiate sporting events. FIRST USE: 19470000. FIRST USE IN COMMERCE: 19470000

| | |
|---|---|
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 01.01.13 - Stars - multiple stars with five points<br>05.03.25 - Leaf, single; Other leaves<br>24.05.01 - Circular or elliptical seals; Seals, circular or elliptical |
| **Serial Number** | 74560699 |
| **Filing Date** | August 12, 1994 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | December 26, 1995 |
| **Registration Number** | **1962785** |
| **Registration Date** | March 19, 1996 |
| **Owner** | (REGISTRANT) Texas A&M University INSTITUTION OF HIGHER EDUCATION TEXAS P.O. Box 30014 College Station TEXAS 77842<br><br>(LAST LISTED OWNER) THE TEXAS A&M UNIVERSITY SYSTEM INSTITUTION OF HIGHER EDUCATION TEXAS 301 TARROW STREET JOHN B. CONNALLY BUILDING COLLEGE STATION TEXAS 778407896 |
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Prior Registrations** | 1865734 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "A&M UNIVERSITY 1876" APART FROM THE MARK AS SHOWN |
| **Type of Mark** | TRADEMARK. SERVICE MARK |
| **Register** | PRINCIPAL-2(F)-IN PART |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20060710. |
| **Renewal** | 1ST RENEWAL 20060710 |
| **Live/Dead** | |

10/11/2015                                         Trademark Electronic Search System (TESS)

**Indicator**        LIVE

**Distinctiveness
Limitation**        as to "TEXAS"
**Statement**

---

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

---

| .HOME | SITE INDEX| SEARCH | *e*BUSINESS | HELP | PRIVACY POLICY