

OTJ - (Hand-carried)
ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KRISTIN BROWN, et al., <br> Plaintiffs. | § § § § § § § § § | |
| v. | | Case: ~~4:14-cv-381~~ 4:15-CV-613-A |
| TEXAS A&M UNIVERSITY <br> SCHOOL OF LAW, et al. | | |

## PLAINTIFFS' MOTION TO AMEND ORDER

TO THE HONORABLE JUDGE McBRYDE

Plaintiffs request that the Court allow plaintiffs to indicate changes within their proposed Second Amended Complaint-Class Action by using strike-through typeface to indicate deletions, to underline additions, and to double-underline moved text, e.g., ~~this language is deleted~~, <u>this language is added</u>, and <u><u>this language has been moved</u></u>.

There are three substantial benefits to allowing the changes to be shown in this manner:

1) The software used to create the documents can perform the comparison with inhuman precision in no appreciable time, and do so while alleviating any opportunity for error.

2) By showing changes as proposed, currently italicized words and case names will be unaffected, making the document still readable.

3) Opposing counsel can easily perform similar comparisons and know with certainty very quickly that the comparison is valid.

The computerized comparison output has the additional benefit of keeping track of paragraph numbers, so that a reader can easily determine where he is in both the original and mark-up document.

Plaintiffs have attached a three-page example of the proposed mark-up as Exhibit A.

## PRAYER

For reasons set forth herein, plaintiffs respectfully requests that this Court amend its December 30, 2015 Order to allow for the mark-up exhibit to reflect the proposed instructions requested herein.

Respectfully submitted,

Warren V. Norred, TX Bar: 24045094
NORRED LAW, PLLC
200 E. Abram, Suite 300
Arlington, Texas 76010
O: 817-704-3984; F: 817-524-6686
wnorred@norredlaw.com
*Attorney for Plaintiffs*

**Attached Exhibits:**
Exhibit 1 - Mark-Up Example (three pages).

**CERTIFICATE OF CONFERENCE** - On December 30, 2015, I attempted to obtain feedback regarding this motion from Drew Harris, attorney of record for the A&M Defendants, and Robert Bragalone, attorney of record for Texas Wesleyan defendants. I was unable to reach either of them timely, but I have no indication or reason to believe that they would be opposed.

/s/ Warren V. Norred

Warren V. Norred, TX Bar: 24045094
NORRED LAW, PLLC
200 E. Abram, Suite 300
Arlington, Texas 76010
O: 817-704-3984; F: 817-524-6686
wnorred@norredlaw.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE** - I hereby certify that a copy of this motion was served to all counsel of record, including Drew Harris, attorney of record for the A&M Defendants, and Robert Bragalone by fax and email.

/s/ Warren V. Norred

Warren V. Norred, TX Bar: 24045094
NORRED LAW, PLLC
200 E. Abram, Suite 300
Arlington, Texas 76010
O: 817-704-3984; F: 817-524-6686
wnorred@norredlaw.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KRISTIN BROWN, et al.,<br>Plaintiffs.<br><br>v.<br><br>TEXAS A&M UNIVERSITY<br>SCHOOL OF LAW, et al. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case: 4:14-cv-381 |

**EXHIBIT A:**
**MARK-UP EXAMPLE**
(three pages)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| KRISTIN BROWN, et al., <br> Plaintiffs. <br> <br> v. <br> <br> TEXAS A&M UNIVERSITY <br> SCHOOL OF LAW, et al. | § <br> § <br> § <br> § <br> § <br> § <br> § No. 4:15-CV-613-A <br> § CLASS ACTION <br> § |

## ~~FIRST~~ SECOND AMENDED COMPLAINT - CLASS ACTION

I.  NATURE OF THE CASE ................................................................................................3
II. PARTIES .........................................................................................................................4
III. JURISDICTION AND VENUE ....................................................................................12
IV. CLASS ACTION ALLEGATIONS..............................................................................14
V.  FACTS ..........................................................................................................................17
VI. CLAIM 1 – DECLARATORY JUDGMENT ..............................................................44
VII. CLAIM 2 – 42 U.S.C. § 1983 (TAMU) .......................................................................58
VIII. CLAIM 3 - BREACH OF IMPLIED CONTRACT (TWU) ........................................63
H.  CLAIM 4 - BREACH OF IMPLIED CONTRACT (TAMU).......................................74
IX. CLAIM 5 - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (TWU) .........81
X.  CLAIM 6 - BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (TAMU).......87
XI. CLAIM 7 – BREACH OF CONTRACT AS THIRD PARTY BENEFICIARY TO SACS AND ABA ACCREDITATION...............................................................................................89
XIII. *ALTERNATIVE* CLAIM – TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS (TWU) ..........................................................................97
XIV. ALTERNATIVE *CLAIM* – 42 U.S.C. § 1983 (FERPA)................................................101
XV. JURY DEMAND ........................................................................................................104
XVI. PRAYER FOR RELIEF .............................................................................................104

## <u>SECOND</u> AMENDED COMPLAINT - CLASS ACTION

1.  Plaintiffs in this action seek a declaratory judgment of trademark non--infringement and license regarding their use of A&M trademarks, 42 USC § 1983 damages for irrational discrimination <u>and violations of the Federal Education Rights and Privacy Act (FERPA), breach of contract, business disparagement, defamation *per se*</u>, breach of duty and negligence damages ~~for their failure to reasonably protect plaintiffs' interests when transferring Texas~~ <u>concerning the sale of Texas</u> Wesleyan University School of Law ~~from one defendant to the other, and contract damages against defendants for their disavowal of plaintiffs as graduates of Texas~~ <u>to Texas</u> A&M University ~~School of Law~~.

2.  Plaintiffs provide this ~~amended complaint~~ <u>second amendment</u> in response to defendants' motions to dismiss. ~~The amended complaint is intended to "relate back" to the filing of the original complaint. To meet the arguments contained within those motions, plaintiffs herein add new defendants, a claim for remedy of specific performance,~~ <u>(ECF Doc. 28</u> and ~~provide additional specificity in the complaint to ensure that defendants can easily discern the~~<u>30) and supporting briefs (ECF Nos. 29 and 31),</u>

adding clarification regarding certain claims ~~made~~and standing issues, eliminating tort claims against ~~them.~~TAMU, and adds a FERPA claim under § 1983.

~~2.~~3.    Plaintiffs intend for this Second Amended complaint to relate back to the Original and First Amended Complaints (ECN Doc. 1 and 19).

~~3.~~4.    This amended complaint fully incorporates by reference the Appendix filed with Plaintiffs' Original Complaint (ECN Doc. 1-2), and supplements that appendix with additional recent evidence.

## I.   NATURE OF THE CASE

~~4.~~5.    In summer of 2013, Texas A&M University ("TAMU") purchased Texas Wesleyan University School of Law ("TWU School of Law") and renamed it the "Texas A&M University School of Law" ("TAMU School of Law")[1]. TAMU School of Law then announced it would no longer recognize pre-acquisition graduates as its alumni. This decision has damaged the disavowed graduates, who have lost the ability to easily show that their juris doctorate degrees are valid to potential employers,

---

[1] The phrase "Law School" as used in this document refers to the law school herein identified and acquired by Texas A&M University from Texas Wesleyan University, ~~without regard to its name at any~~ particular time.