



## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

KRISTIN BROWN, *on behalf of herself and all others similarly situated*, CHARLES AMES, NORMA BAZAN, MARIA BRANCH, MONTY BUHROW, AMANDA COFFEEY, CHERRY DAVIS, PAYAM DELL, BRYAN EGGLESTON, JANICE EGGLESTON, JEFF FLETCHER, AMY FORD, KATHRYN FREED-COLLIER, JULIE GLOVER, TERANCE GRISSO, PATRICIA HENDERSON, DEBORAH JOHNSON, RENEE JOLLEY, JARED JULIAN, MYRON KIMBALL, JR., MARK LANE, JENNIFER LEDBETTER, ADAM LUCK, RILEY MASSEY, VENISA MCLAUGHLIN, ADAM MILLER, ROXIE ROLL, ELLIOT SMITH, KATHLEEN SMITH, CYNTHIA SPIGEL, SUZANNE STEVENS, and KEVIN WALDEN,
     *Plaintiffs*,

v.

TEXAS A&M UNIVERSITY SCHOOL OF LAW; TEXAS WESLEYAN UNIVERSITY; TEXAS A&M UNIVERSITY; TEXAS A&M UNIVERSITY SYSTEM; DEAN ANDREW P. MORRISS; PRESIDENT FREDERICK G. SLABACH; KARAN WATSON; R. BOWEN LOFTIN (*individually only*); MICHAEL K. YOUNG (*individually only*); ARIK SHORT (*individually only*); JOHN SHARP; CLIFF THOMAS; ELAINE MEDOZA; PHIL ADAMS; ROBERT L. ALBRITTON; ANTHONY G. BUZBEE; MORRIS E. FOSTER; BILL MAHOMES; JUDY MORGAN, CHARLES W. SCHWARTZ; and ALVARO GABRIEL PEREIRA; *in their individual and official capacities*,
     *Defendants*.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No.
4:15-CV-00613-A

---

## THE A&M DEFENDANTS' RESPONSE TO
## PLAINTIFFS' MOTION TO AMEND COMPLAINT

---

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

I. INTRODUCTION AND SUMMARY ................................................................ 1

II. ARGUMENT ................................................................................................... 3

      A.    The Court should not entertain "tweaking" amendments where the claims are still futile. ................................................................................ 3

      B.    The specific new factual allegations regarding the A&M Defendants are futile. ..................................................................................................... 4

      C.    Plaintiffs' proposed new "Claim 7" for breach of contract as a third party beneficiary is frivolous. ....................................................................... 7

      D.    Plaintiffs' proposed FERPA claim is futile and not even a new claim. .................................................................................................................. 9

III. CONCLUSION .............................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Ad Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.*, 726 F. Supp. 522 (S.D.N.Y. 1989)..............................................................6, 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..............................................................6

*Brown v. Tex. State Univ. Sys. Bd. of Regents*, 2013 WL 6532025 (W.D. Tex. Dec. 12, 2013) ..............................................................................................10

*Conrad v. SIB Mortgage Corp.*, 2015 WL 1026159 (N.D. Tex. Mar. 6, 2015) ........1, 4

*Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002) ..............................................10

*HEB Ministries, Inc. v. Texas Higher Educ. Coordinating Bd.*, 235 S.W.3d 627 (Tex. 2007)..............................................................................................5

*In re Enron Corp.*, 2007 WL 207028 (S.D. Tex. Jan.23, 2007) ..............................3

*Jackson v. NAACP*, 575 Fed. Appx. 256 (5th Cir. 2014) ..............................3

*Jackson v. Texas Southern Univ.*, 997 F. Supp. 2d 613 (S.D. Tex. 2014)......................8

*Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368 (5th Cir. 2014)..............................3

*Rosenzweig v. Azurix Corp.*, 332 F.3d 854 (5th Cir. 2003) ..............................3, 4

*Washington v. Univ. of Mississippi Med. Ctr.*, 2013 WL 153171 (S.D. Miss. Jan. 15, 2013) ..............................................................................................5

*Whitley v. Hanna*, 726 F.3d 631 (5th Cir. 2013)..............................................3

*Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692 (Tex. 2003) ..............................4

*Zinante v. Drive Elec., L.L.C.*, 582 Fed. Appx. 368 (5th Cir. 2014)..............................8

**Statutes**

20 U.S.C. § 1232g..............................................................................................1, 9

42 U.S.C. §1983..............................................................................................6, 9

Tex. Educ. Code § 61.304 ..............................................................................5

TO THE HONORABLE JOHN McBRYDE:

Pursuant to this Court's December 30, 2015 Order (Doc. #37), Defendants Texas A&M University ("**A&M University**"),[1] The Texas A&M University System ("**A&M System**"), and Dean Andrew P. Morriss ("**Morriss**") in his individual and official capacities (collectively, the "**A&M Defendants**"), file their response in opposition to Plaintiffs' Motion for Leave to Amend Complaint.

## I. INTRODUCTION AND SUMMARY

Faced with a Motion to Dismiss establishing jurisdictional infirmities, Plaintiffs attempt to stay the Sword of Damocles by seeking leave to file another amended complaint. The proposed "Second Amended Complaint" just adds two non-viable causes of action (a third-party breach of contract claim and a violation of FERPA)[2] that are just as vulnerable to the jurisdictional arguments raised in the earlier Motion to Dismiss. Apart from seeking to compare themselves to Rosa Parks (*see* Doc. #42, at 105 n.29), Plaintiffs offer no new factual allegations regarding the A&M Defendants that require additional consideration.

In short, there is "nothing to be gained by allowing plaintiffs to file the proposed amended complaint." *Conrad v. SIB Mortgage Corp.*, 2015 WL 1026159, at *7 (N.D. Tex. Mar. 6, 2015) (denying leave to amend in similar circumstances). The Court should deny leave to amend as futile, and rule on the pending Motions to Dismiss.

---

[1] Plaintiffs also continue to name "Texas A&M University School of Law" as a separate defendant, although it is merely an academic department of A&M University and not a separate suable entity. *See* Doc. #42 (redline version of proposed Second Amended Complaint), at ¶ 40. While Plaintiffs initially attached their proposed Second Amended Complaint as Doc. #36, this brief references Doc. #42 (the redline version) for ease in discussing the proposed amendments.

[2] "**FERPA**" refers to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, which mandates privacy protection of student education records. However, Plaintiffs concede that they cannot sue under FERPA. *See e.g.,* Doc. #42 at 103 n.28 (noting Supreme Court case "disallowing suits premised on FERPA violations").

Plaintiffs initially filed suit on August 11, 2015. (Doc. #1). Texas A&M University School of Law ("**A&M Law**") (as an academic unit of A&M University) and Morriss timely filed a Motion to Dismiss on October 15, 2015, asserting sovereign immunity. (Doc. #16). After requesting and obtaining an extension (Doc. #18), Plaintiffs filed a response to the A&M Defendants' Motion to Dismiss on November 9, 2015. (Doc. #22). Plaintiffs then amended their complaint on November 9, 2015. (Doc. #19). This Court denied the pending Motions to Dismiss as moot, so "that there will be no confusion." (Doc. #24). The A&M Defendants accordingly filed a new Amended Motion to Dismiss (the "**A&M Motion**"). (Docs. #30-31).

On December 29, 2015, Plaintiffs filed a response to the A&M Motion, which was basically identical to their prior response filed on November 9, 2015. *Compare* Doc. #22 *with* Doc. #34. Plaintiffs' "new" response only added paragraphs 8, 9, 11, and a re-written "Conclusion & Prayer." *See* Doc. #34. Rather surprisingly, while the First Amended Complaint added three wholly new state law claims against the A&M Defendants—which the A&M Defendants briefed at length in the A&M Motion (*see* Doc. #31, at 14-17)—in Plaintiffs' response they have wholly abandoned those claims against the A&M Defendants.

In short, Plaintiffs filed essentially the same response before and after their First Amended Complaint. Plaintiffs may be seeking further amendments in hopes the Court will once again deny the A&M Motion as "moot," to buy additional time to respond to that motion. These litigation delay tactics should not be rewarded.

Leave to amend should be denied because amendments are futile in light of the jurisdictional problems briefed at length in the original Motion to Dismiss, and in the pending A&M Motion. Or put another way, even if the Court granted leave to amend, it may still consider

the A&M Motion in connection with the new amended pleading, and still dismiss all the A&M Defendants from this case.

## II.  ARGUMENT

### A.    The Court should not entertain "tweaking" amendments where the claims are still futile.

While leave to amend should be freely given when justice so requires, leave to amend is not automatic. *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014). Rather, the court may consider a number of factors in deciding whether to grant or deny leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... and futility of the amendment." *Id.* (citation omitted). Notably, the prejudice to opponents who have already gone through the time and expense of preparing a motion to dismiss also may be weighed against permitting amendment. *See In re Enron Corp.*, 2007 WL 207028, at *3 (S.D. Tex. Jan.23, 2007) (considering time and expense of preparing a motion to dismiss as prejudicial to opponent of an untimely motion for leave to amend).

Courts look with extreme skepticism on proposed amended complaints that add no new substantive fact allegations, but merely attempt to add new legal theories. *See Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013) ("First, the amended complaint adds no new substantive factual allegations"). Notably, here Plaintiffs admit they "have added no surprising facts or allegations" and that "the facts alleged are not new." (Doc. #36, at ¶ 5). Where a motion to amend "hardly presents any new information," a "busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003); *see also Jackson v. NAACP*, 575 Fed. Appx. 256, 259 (5th Cir. 2014) ("As we have repeatedly held, the district court is well within its discretion to deny such attempts to present legal

theories seriatim.").

In other words, "[a] litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend." *Rosenzweig*, 332 F.3d at 864. Here, there are no new facts alleged to have been discovered, and no reason the proposed new allegations and claims could not have been asserted more timely.

The circumstances here are somewhat similar to this Court's recent opinion in *Conrad v. SIB Mortgage*, where plaintiffs sought to evade responding to a motion to dismiss by seeking leave to amend. *Conrad*, 2015 WL 1026159, at *7. The Court noted that even with amendment, the complaint would not survive a motion to dismiss, and that "[g]ranting the motion to amend would lead only to the filing by Moving Defendants of another motion to dismiss." *Id.* The Court also noted that it had already "afforded plaintiffs one opportunity to amend their pleadings," and concluded there was "nothing to be gained by allowing plaintiffs to file the proposed amended complaint." *Id.*

For similar reasons, leave to amend should be denied here.

## B.   The specific new factual allegations regarding the A&M Defendants are futile.

In general, the new "factual allegations" in the proposed amendments are redundant and merely re-wording of what was already alleged in the complaint. While Plaintiffs' third bite at the apple with wordsmithing attempts to improve the clarity of their pleadings,[3] there is no new substance that improves Plaintiffs' chances in avoiding dismissal under the A&M Motion. In accordance with this Court's December 30, 2015 order (Doc. #37), the A&M Defendants specify

---

[3] At times, Plaintiffs' amendments undermine the clarity of their pleading and prompt greater confusion. For example, in Paragraph 1, Plaintiffs incorrectly suggest they were bringing new claims for "business disparagement" and "defamation *per se*," which do not appear in the proposed Second Amended Complaint. *See* Doc. #42, ¶ 1. Even if those claims had actually been pled, they would have been futile, as immunity has not been waived for such intentional tort claims. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694–96 (Tex. 2003).

the particular new factual allegations in the proposed amended pleading that should be disallowed as futile.

In Paragraph 58, Plaintiffs baldly plead a legal conclusion that "the Law School is treated separately from TAMU and TAMUS because the Law School controls its own admission." Doc. #42, at ¶ 58. Texas statute and case law explain that only universities and colleges may issue degrees. *See* TEX. EDUC. CODE § 61.304; *see also HEB Ministries, Inc. v. Texas Higher Educ. Coordinating Bd.*, 235 S.W.3d 627, 631-34 (Tex. 2007) (explaining that only institutions certified by the Texas Higher Education Coordinating Board may issue degrees). In any event, courts have held that university departments should not be treated as a separate suable entity apart from a university. *See Washington v. Univ. of Mississippi Med. Ctr.*, 2013 WL 153171, at *2 n.3 (S.D. Miss. Jan. 15, 2013).

In Paragraph 120, Plaintiffs amend to now identify a single plaintiff, Suzanne Stevens, who purportedly suffered some inconvenience with working with a particular lender to refinance her student loans, because that lender could not find her law school on an "accredited list" maintained by some other entity who is not party to this lawsuit. Doc. #42, ¶ 120. The fact that Plaintiffs could only name a ***single instance*** of such inconvenience undermines their other generalized pleadings (and undermines the basis for any purported class action). In any event, this amendment is futile because: 1) there is still no alleged cognizable injury as there is no allegation she failed to get a loan; 2) there is no standing for her to sue a state university (as opposed to the entity that actually maintained the "accredited list"); and 3) in any event, sovereign immunity would preclude such a claim.

In Paragraph 121, Plaintiffs again specify a single plaintiff, Kathleen Hennessey Smith, who may have had inconveniences with a drop-down menu of law schools maintained by a

different third party. Doc. #42, ¶ 121. Once again, there is no allegation of cognizable injury (she was able to successfully file her application using the drop-down menu), and no articulated basis to sue the A&M Defendants as a result.

In Paragraphs 129-131, Plaintiffs make speculative allegations that A&M University and TWU "have the ability to change" the drop-down menus of other wholly separate entities such as the American Bar Association ("ABA") and the Law School Admission Council ("LSAC"). These allegations are speculative and implausible under *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). In any event, even if true, such allegations would be futile, where case law explains that A&M University and TWU would have no duty to alumni to make such changes even if they could. *Ad Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.,* 726 F. Supp. 522, 524 (S.D.N.Y. 1989).

In Paragraph 132, Plaintiffs allege that A&M System unsuccessfully attempted to acquire another law school, and thus had good reason to minimize political opposition to its purchase of the TWU law school's assets. Doc. #42, ¶ 132. This allegation creates no new duty to an alumni group, nor does it waive sovereign immunity, and thus is futile.

For both Claim 1 (trademark) and Claim 2 (Section 1983) against the A&M Defendants, Plaintiffs make no substantive additions, except to allege that the individual defendants acted *ultra vires.* Doc. #42, ¶¶ 135, 163. This *ultra vires* label is a legal conclusion, and in any event, merely redundant of the pre-existing factual allegations, and does not change the Motion to Dismiss analysis on those two claims.

Regarding Claim 2, Plaintiffs do acknowledge that sovereign immunity bars this claim against the state entities and individuals in their official capacity, and thus drops Claim 2 against all of the currently served A&M Defendants (A&M University, A&M System, and Morriss). *See*

Doc. #42, ¶ 146 ("Plaintiffs ... make this claim against the Regents, Short, Watson, Loftin, and Sharp in their individual capacities ...."). While the A&M Defendants welcome that change, they still seek to have this claim dismissed against them with prejudice.

For Claims 4 (breach of implied contract) and Claim 6 (breach of fiduciary duty) against the A&M Defendants, Plaintiffs make no proposed substantive amendments.

For Claim 8 (tortious interference with prospective contractual relations), which was previously alleged against all defendants, Plaintiffs seek to amend to drop all defendants associated with A&M from that frivolous claim. Doc. #42, ¶ 270. While the A&M Defendants welcome that change, they again seek to have that claim dismissed against them with prejudice.

Plaintiffs seek to add a remedy request for a hopelessly vague injunctive relief that the "A&M Defendants be enjoined to treat all [Plaintiffs] ... as required by § 1983." *Id.* ¶ 287. Section 1983 contains no substantive requirements as to how to treat Plaintiffs, and this request leaves it unclear exactly what injunction this Court is supposed to issue. This amendment typifies Plaintiffs' consistent reliance on vague and conclusory pronouncements that fall well short of pleading minimums. In any event, this amendment too is futile in light of the standing problems briefed at length in the A&M Motion.

Accordingly, there are no new factual allegations that salvage Plaintiffs' claims from the A&M Motion, and leave to amend should be denied as futile.

## C.     Plaintiffs' proposed new "Claim 7" for breach of contract as a third party beneficiary is frivolous.

Plaintiffs wish to amend to allege a six-paragraph new claim for "breach of contract as third party beneficiary to SACS and ABA accreditation." Doc. #42, ¶¶ 243-248. This bizarre claim appears to allege that TWU, A&M University, and A&M System made a promise to SACS and the ABA to name the new law school "Texas A&M University School of Law at Texas Wesleyan

University," but the law school was instead simply named "Texas A&M University School of Law." *Id.* ¶¶ 244-45. Plaintiffs are suing as "third party beneficiaries" because they do not like the law school name.

The first problem with this claim is that Plaintiffs do not specify who they are suing (institutions or individuals), and what concrete actions by those parties impose liability. Plaintiffs appear to only allege "TWU, TAMU, and TAMUS" have the relevant duty, but then allege the "A&M Defendants failed to keep their promise." *Id.* ¶¶ 244, 247. The second problem is that A&M University and A&M System—if that is who is being sued—have sovereign immunity to any such quasi-contract claim. *See Jackson v. Texas Southern Univ.*, 997 F. Supp. 2d 613, 648 (S.D. Tex. 2014) (because plaintiff "lacks legislative consent to sue an arm of the state of Texas, sovereign immunity from suit also bars any possible contract and quasi-contract claims"). To the extent Plaintiffs seek to bring this claim against individuals instead, they have failed to plead facts that would state a viable claim against them.

The third problem is that Plaintiffs concede that "the defendants' acquisition documents state that there is no other intended beneficiary" to the asset purchase, vitiating any basis for standing as an intended third-party beneficiary. Doc. #42, ¶ 246. Texas law presumes that parties to an agreement contracted for themselves unless it "clearly appears" that they intended a third party to benefit from the contract. *Zinante v. Drive Elec.*, L.L.C., 582 Fed. Appx. 368, 371 (5th Cir. 2014). "Third-party beneficiary status cannot be created by implication." *Id.*

Finally, Plaintiffs' contention that alumni have standing to seek to control what a university decides to name a law school is unsupported anywhere in the law. *See e.g., Ad Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.*, 726 F. Supp. 522, 524

(S.D.N.Y. 1989). The Court should decline Plaintiffs' request to create new law here, and deny leave to assert this futile and frivolous claim.

**D.     Plaintiffs' proposed FERPA claim is futile and not even a new claim.**

Plaintiff's proposed "FERPA" claim is also unclear, in that Plaintiffs appear to initially allege that all "Defendants" somehow violated FERPA. Doc. #42, ¶ 278. But there are no allegations of any specific FERPA violations. Indeed, Plaintiffs state they "are not suing on the basis of any individual right granted by FERPA." *Id.* ¶ 280. Instead, they appear to be complaining that pre-acquisition graduate student records are maintained at TWU, while student records for students graduating after the acquisition are maintained by A&M University. *Id.*

Plaintiffs seem to imply that they somehow have standing under FERPA to sue to force vaguely identified "Defendants" to keep both pre-acquisition and post-acquisition student records in the same place.

The most charitable interpretation is that Plaintiffs are simply re-asserting the exact same claim as Claim 2, in that Plaintiffs complain under § 1983 that pre-acquisition graduates and post-acquisition graduates are treated differently. Indeed, Plaintiffs admit in their motion for leave to amend that the FERPA claim is not really a new claim, but is the same as the prior equal protection claim. Doc. #36, at ¶ 5. Plaintiffs explicitly concede: "defendants' prior arguments regarding plaintiffs' pre-existing § 1983 claims are equally effective or ineffective, as the case may be, to plaintiffs' new claim." *Id.*

Accordingly, there is no new independent claim to be address. The pending A&M Motion addresses disposes of the claim of disparate treatment, and leave to amend to add this claim should be denied.

The less charitable interpretation is that Plaintiffs have blatantly ignored the controlling precedent they themselves cite in their footnote 28: *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002). If Plaintiffs are trying to repackage a (wholly unsupported) requirement under FERPA that all graduate records must be held at the same location into a separately actionable § 1983 claim, that is wholly inconsistent with the holding in *Gonzaga*. The U.S. Supreme Court explicitly held that plaintiffs could not seek to enforce FERPA through a § 1983 action. *Id.* at 287; *see also Brown v. Tex. State Univ. Sys. Bd. of Regents*, 2013 WL 6532025, at *8 (W.D. Tex. Dec. 12, 2013) ("the Supreme Court has established FERPA's nondisclosure provisions do not create personal rights to enforce under §1983").

Under either interpretation, leave to amend should be denied.

## III. CONCLUSION

Plaintiffs seek to amend to add two new frivolous claims, and to tweak the factual allegation in a futile and non-substantive manner. Granting leave to amend merely permits delay, and prejudices Defendants who have already gone through the effort to brief two Motions to Dismiss. Plaintiffs have not shown that justice requires they be afforded another bite at the apple.

This Court should deny leave to amend as futile, and grant the pending A&M Motion, dismissing Plaintiffs' claims with prejudice. In the alternative, if the Court were to permit leave to amend, it should still rule on the pending A&M Motion as it equally disposes the proposed Second Amended Complaint.

Dated: January 11, 2016

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Defense Litigation

ANGELA COLMENERO
Division Chief - General Litigation

DREW L. HARRIS
State Bar No. 24057887
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4093
(512) 320-0667 FAX
drew.harris@texasattorneygeneral.gov

*ATTORNEYS FOR THE A&M DEFENDANTS*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via email on January 11, 2016, upon the following individuals:

Warren V. Norred
NORRED LAW, PLLC
wnorred@norredlaw.com
Attorney for Plaintiffs

Robert Bragalone
GORDON & REESE LLP
bbragalone@gordonrees.com
Attorney for TWU Defendants

DREW L. HARRIS

*A&M Defendants' Response to Pl. Motion to Amend Complaint*