ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | |
|---|---|
| KRISTIN BROWN, *on behalf of herself and all others similarly situated*, CHARLES AMES, NORMA BAZAN, MARIA BRANCH, MONTY BUHROW, AMANDA COFFEEY, CHERRY DAVIS, PAYAM DELL, BRYAN EGGLESTON, JANICE EGGLESTON, JEFF FLETCHER, AMY FORD, KATHRYN FREED-COLLIER, JULIE GLOVER, TERANCE GRISSO, PATRICIA HENDERSON, DEBORAH JOHNSON, RENEE JOLLEY, JARED JULIAN, MYRON KIMBALL, JR., MARK LANE, JENNIFER LEDBETTER, ADAM LUCK, RILEY MASSEY, VENISA MCLAUGHLIN, ADAM MILLER, ROXIE ROLL, ELLIOT SMITH, KATHLEEN SMITH, CYNTHIA SPIGEL, SUZANNE STEVENS, and KEVIN WALDEN,<br>    *Plaintiffs*,<br><br>v.<br><br>TEXAS A&M UNIVERSITY SCHOOL OF LAW; TEXAS WESLEYAN UNIVERSITY; TEXAS A&M UNIVERSITY; TEXAS A&M UNIVERSITY SYSTEM; DEAN ANDREW P. MORRISS; PRESIDENT FREDERICK G. SLABACH; KARAN WATSON; R. BOWEN LOFTIN (*individually only*); MICHAEL K. YOUNG; ARIK SHORT (*individually only*); JOHN SHARP; CLIFF THOMAS; ELAINE MEDOZA; PHIL ADAMS; ROBERT L. ALBRITTON; ANTHONY G. BUZBEE; MORRIS E. FOSTER; BILL MAHOMES; JUDY MORGAN, CHARLES W. SCHWARTZ; and ALVARO GABRIEL PEREIRA; *in their individual and official capacities*,<br>    *Defendants*. | Civil Action No.<br>4:15-CV-00613-A |

### THE A&M DEFENDANTS' REPLY IN SUPPORT OF
### AMENDED MOTION TO DISMISS

TO THE HONORABLE JOHN McBRYDE:

Defendants Texas A&M University ("**A&M University**"), The Texas A&M University System ("**A&M System**"), and Dean Andrew P. Morriss ("**Morriss**") in his individual and official capacities (collectively, the "**A&M Defendants**"), file this *Reply in Support of Amended Motion to Dismiss*, addressing the arguments Plaintiffs raised in their response brief (Doc. #34) ("**Pl. Response**").

## I. INTRODUCTION AND SUMMARY

Plaintiffs' response to the A&M Defendants' Amended Motion to Dismiss (the "**A&M Motion**") is basically identical to their prior response brief filed on November 9, 2015 in opposing to the original Motion to Dismiss. *Compare* Doc. #22 *with* Doc. #34. Plaintiffs' "new" response only added paragraphs 8, 9, 11, and a re-written "Conclusion & Prayer." *See* Doc. #34. Rather surprisingly, while the First Amended Complaint added three wholly new state law claims against the A&M Defendants—which the A&M Defendants briefed at length in the A&M Motion (*see* Doc. #31, at 14-17)—in Plaintiffs' response they have wholly abandoned those claims against the A&M Defendants. Accordingly, the new state law claims should be promptly dismissed for the reasons outlined in the A&M Motion.

Perhaps most tellingly, Plaintiffs cite no authority in opposing the arguments briefed in the A&M Motion. Plaintiffs instead ask the Court to ignore precedent, and invite the Court to create brand new law regarding alumni groups. This Court should decline that invitation, and rule based on well-established precedent that:

- The trademark holder (A&M System) has sovereign immunity to Plaintiffs' trademark declaratory judgment claim;

- Plaintiffs lack standing to sue non-trademark holders in a trademark declaratory judgment claim;

- While Plaintiffs are attempting to amend to drop the § 1983 equal protection claim against all the currently served A&M Defendants (*see* Doc. #42, ¶ 146), the standing and jurisdictional problems require dismissal with prejudice of that claim.

- Plaintiffs lack standing for their various claims because universities do not owe alumni any duty;

- The state law tort claims are barred by sovereign immunity and the election of remedies provisions in CPRC § 101.106(e).

In sum, Plaintiffs' response to the A&M Motion is wholly deficient, and the Court should avoid further delay in this prolonged litigation. The Court should dismiss with prejudice the currently served A&M Defendants, and further dismiss claims against the remaining unserved defendants affiliated with the A&M System.

## II. ARGUMENTS

### A.   Dismissal arguments regarding the trademark claim.

Plaintiffs argue that the mere fact that "A&M is known for policing the use of its marks" enables Plaintiffs to meet the "case or controversy" standing test to assert a trademark declaratory judgment action. *See* Pl. Response at ¶ 1. Because all registered trademark holders are expected to police the use of their marks, by Plaintiffs' flawed logic, anybody could readily file a trademark declaratory judgment suit against a registered trademark holder at any point. This logic does not comport with the Fifth Circuit's test in *Vantage Trailers*, which required "an explicit threat or other action ... which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit." *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). There is no alleged "explicit threat or other action" here, so this test for standing is not met, and the claim should be dismissed.

Plaintiffs wholly ignore the A&M Defendants' *other* standing argument that Plaintiffs can only direct a trademark declaratory judgment claim against the trademark holder, and that there is

no standing to sue 18 other non-trademark holders named in this case. Plaintiffs do not even attempt to explain to the Court why they unnecessarily and unreasonably multiplied proceedings regarding this declaratory judgment claim, again suggesting that 28 U.S.C. § 1927 may be applicable here.

Plaintiffs next simply ask the Court to ignore multiple cases holding that States are entitled to sovereign immunity to patent or trademark declaratory judgment claims. *See* Pl. Response ¶¶ 4-7. The Court should decline to break from well-established precedent. *See College Savings Bank v. Florida Prepaid Postsecondary Edu. Expense Bd.*, 527 U.S. 666 (1999) (holding federal trademark statute did not abrogate 11th Amendment immunity); *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Texas Sys.*, 458 F.3d 1335, 1342 (Fed. Cir. 2006) (patent declaratory judgment action barred by immunity); *Xechem Int'l, Inc. v. Univ. of Texas M.D. Anderson Cancer Ctr.*, 2003 WL 24232747, at *5 (S.D. Tex. Mar. 19, 2003) (same); *Idaho Potato Comm'n v. M & M Produce Farms & Sales*, 95 F. Supp. 2d 150, 156 (S.D.N.Y. 2000) (dismissing trademark declaratory judgment claim under 11th Amendment immunity).

## B.   Dismissal arguments regarding the § 1983 equal protection claim.

Plaintiffs explicitly abandon their "Claim 2" under § 1983 against all the currently served A&M Defendants (A&M University, A&M System, and Dean Morriss). *See* Pl. Response at ¶ 8 ("no claims are made against state entities or against any associated individual in his official capacity"); *see also* Doc. #42 (proposed amended complaint) at ¶ 146 (only asserting Claim 2 against "the Regents, Short, Watson, Loftin, and Sharp in their individual capacities"). Accordingly, the Court should readily dismiss with prejudice the § 1983 claim against the moving A&M Defendants.

Moreover, the same arguments raise in the A&M Motion apply equally to the unserved individual defendants in their individual capacities, who should be dismissed as well. First, Plaintiffs cannot seek injunctive relief from these individuals in their individual capacities, as they would have no authority to fulfill any applicable injunction. Second, Plaintiffs cite no authority to contradict the extensive authority cited in the prior briefing that universities do not owe alumni any duty. *See Ad Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.*, 726 F. Supp. 522, 524 n.3 (S.D.N.Y. 1989) ("alumni groups have no standing to challenge college policies in a court of law because they lack a concrete interest in those administrative practices"); *Russell v. Yale Univ.*, 737 A.2d 941, 946 (Conn. App. 1999) ("plaintiffs, as a matter of law, lack standing to adjudicate the equitable remedies they seek"); *Steeneck v. Univ. of Bridgeport*, 1994 WL 463629, at *6 (Conn. Super. Ct. Aug. 18, 1994), *aff'd* 668 A.2d 688, 695 (Conn. 1995) (alumni have no standing to challenge actions of their alma mater).

Plaintiffs do not disagree with the reasoning in the above cited cases, but appear to argue that two (*Baruch* and *Russell*) they are "distinguishable" because here Plaintiffs are also asserting separate contract and trademark claims. Pl. Response, at ¶¶ 10-11. There is no explanation as to why that would change the courts' reasoning in those cases. This Court should apply the same reasoning as the prior cases here, and like those cases, dismiss the alumni claims.

To the extent that Plaintiffs' apparent failure to include a § 1983 claim against Morriss in their proposed amended complaint was a mistake, Plaintiffs still make no effort to explain why qualified immunity would not apply to bar claims against Morriss. *See Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003) (requiring heightened pleading in qualified immunity cases). The previously-briefed qualified immunity arguments apply equally to the Regents, Short, Watson,

Loftin, and Sharp in their individual capacities, and thus all defendants related to A&M should be dismissed.

## C. Plaintiffs have abandoned their state law claims.

Plaintiffs make no effort to prosecute their three state law claims against the A&M Defendants—breach of implied contract, breach of the duty of good faith and fair dealing, and tortious interference with prospective contractual relations—in the face of the Motion to Dismiss. Accordingly, those claims should be dismissed with prejudice, based on the uncontested sovereign immunity and election of remedies arguments previously briefed in detail. *See Ladd v. Metrocare Servs.*, 2012 WL 1361660, at *4 (N.D. Tex. Apr. 19, 2012) ("because Metrocare is an agency of the state, it is immune from common-law claims insofar as its sovereign immunity has not been waived."); TEX. CIV. PRAC. & REM. CODE § 101.106(e) ("If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.").

## III. CONCLUSION

In sum, Plaintiffs in their response have shown that their claims are without merit, that they do not deserve further benefit of the doubt, and that there is no reason to further delay the expeditious disposition of this suit.

Accordingly, the A&M Defendants respectfully request that the Court dismiss all of Plaintiffs' claims against them with prejudice, further dismiss any unserved defendant affiliated with the A&M System, and grant such other relief as the A&M Defendants are justly entitled.

Dated: January 11, 2016

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Defense Litigation

ANGELA COLMENERO
Division Chief - General Litigation

_____
DREW L. HARRIS
State Bar No. 24057887
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4093
(512) 320-0667 FAX
drew.harris@texasattorneygeneral.gov

***ATTORNEYS FOR THE A&M DEFENDANTS***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served via email on January 11, 2016, upon the following individuals:

| | |
|---|---|
| Warren V. Norred | Robert Bragalone |
| NORRED LAW, PLLC | GORDON & REESE LLP |
| wnorred@norredlaw.com | bbragalone@gordonrees.com |
| Attorney for Plaintiffs | Attorney for TWU Defendants |

_____
DREW L. HARRIS