

NORTHERN DISTRICT OF TEXAS
FILED

JAN 1 4 2016

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

KRISTIN BROWN, ET AL.,           §
                                 §
          Plaintiffs,            §
                                 §
VS.                              §   NO. 4:15-CV-613-A
                                 §
TEXAS A&M UNIVERSITY SCHOOL      §
OF LAW, ET AL.,                  §
                                 §
          Defendants.            §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of defendants Texas Wesleyan University ("TWU") and Frederick Slabach (together, the "Wesleyan Defendants"), and Texas A&M University ("A&M"), The Texas A&M University System ("A&M System"), and Dean Andrew P. Morriss (collectively, the "A&M Defendants"), to dismiss the first amended complaint filed by plaintiffs, Kristin Brown, on behalf of herself and others similarly situated, and others. The court, having considered the motions, the responses, the record, and applicable authorities, finds that the motions should be granted.

I.

Background

Plaintiffs are graduates of the Texas Wesleyan University School of Law ("TWU Law"). They describe themselves as "pre-acquisition graduates," meaning that they earned their degrees before A&M purchased the assets of TWU Law from TWU in 2013.

Plaintiffs allege that after A&M acquired the assets of TWU Law and began the operation of Texas A&M University School of Law ("A&M Law"), the A&M Defendants refused to recognize them as A&M Law graduates.

Plaintiffs filed their original complaint in this action on August 11, 2015. Following the filing of motions to dismiss, plaintiffs filed their first amended complaint[1] on November 9, 2015. Defendants again filed motions to dismiss and plaintiffs sought leave to file a second amended complaint, which was denied by order signed January 12, 2016.

Far from containing a short and plain statement of their claims, plaintiff's first amended complaint contains 87 pages of allegations asserting six claims and two "alternate" claims. Doc. 19.[2] These are:

Claim 1-declaratory judgment (non-infringement and license of trademark);

Claim 2-42 U.S.C. § 1983 (civil action for deprivation of rights);

Claim 3-breach of implied contract (TWU)

---

[1]Among other things, the amended complaint added A&M, A&M System, and 15 individual defendants affiliated with A&M System as defendants. None of the individuals have been served. The A&M Defendants ask that their motion apply also to these individual defendants and plaintiffs have not objected.

[2]The "Doc." reference is to the number of the document on the court's docket in this action.

Claim 4-breach of implied contract (TAMU)

Claim 5-breach of duty of good faith and fair dealing (TWU)

Claim 6-breach of duty of good faith and fair dealing (TAMU)

*Alternative* claim-negligence

*Alternative* claim-tortious interference with prospective contractual relations.

## II.

### Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal,

3

556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion under Rule 12(b)(6), the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes

taking notice of pending judicial proceedings. <u>Patterson v. Mobil Oil Corp.</u>, 335 F.3d 476, 481 n.1 (5th Cir. 2003).

III.

<u>Analysis</u>

A.    <u>A&M Defendants</u>

    1.    <u>Declaratory Judgment-Trademark</u>

Plaintiffs' first claim against A&M Defendants (including the individuals named but for whom no summonses have been issued) seeks

> a declaration regarding the use of TAMU's trademarks, as follows: a) the Pre-Acquisition Graduates may use "Texas A&M University School of Law" as their alma mater with third parties without fear of trademark infringement claims; b) the Law School must respond to queries regarding Pre-Acquisition Graduates in the same way that it responds to its current graduates; c) the Law School must replace diplomas upon request to Pre-Acquisition Graduates in the same way that it replaces diplomas for all other graduates.

Doc. 19 (Am. Compl. ¶ 138).

As the A&M Defendants point out, a suit for patent or trademark infringement, vel non, is properly directed against the owner or holder of the patent or trademark in issue. <u>See</u> <u>Vantage Trailers, Inc. v. Beall Corp.</u>, 567 F.3d 745, 748 (5th Cir. 2009). Plaintiffs do not dispute that A&M System is that party in this case. They have not shown that they can state a claim against other defendants under their Claim 1.

5

Further, as <u>Vantage Trailers</u> explains, a declaratory judgment action requires an actual case or controversy based on acts occurring before the lawsuit is filed. <u>Id.</u> A court cannot issue an advisory opinion of what the law would be based on hypothetical facts. <u>Id.</u> Here, plaintiffs argue that they should not have to "make fake diplomas" to create standing.[3] Doc. 34 at 2, ¶ 2. But, they admit that they are using A&M Systems' mark "in commerce" (Doc. 19 at 40, ¶ 132.a) and have not suffered any consequences as a result. Thus, there does not appear to be any substantial controversy. The Declaratory Judgment Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right by virtue of diversity or federal question.[4] <u>Schilling v. Rogers</u>, 363 U.S. 666, 677 (1960); <u>Skelly Oil Co. v. Phillips Petroleum Co.</u>, 339 U.S. 667, 671-72 (1950).

Even assuming the existence of a case or controversy as to infringement, plaintiffs' claim is barred by sovereign immunity. <u>Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savs.</u>

---

[3]Ironically, plaintiffs claim that they "are bound by ethical rules" that would prevent them from creating fake diplomas, Doc. 34 at 2, ¶ 2, but admit that they are using A&M Systems' registered mark in commerce to misrepresent the school from which they graduated. Doc. 19 at 40, ¶ 132.a.

[4]Plaintiffs' response to this part of the motion is far from clear, but it appears that although plaintiffs refer to trademark infringement, they are urging a right to use the mark in question based on a state law contract theory. Doc. 34 at 3, ¶ 5. Despite the mention of "equal protection," plaintiffs distinguish themselves from graduates of A&M Law.

6

Bank, 527 U.S. 666 (1999); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-102 (1984).

    2.    42 U.S.C. § 1983

Plaintiffs next assert a claim under 42 U.S.C. § 1983 for deprivation of rights, identifying not only violations of due process and equal protection, but also "personal and other injuries in violation of laws of the State of Texas." Doc. 19 at 53, ¶ 140. Of course, in order to pursue a claim under section 1983, plaintiffs must point to a violation of a specific federal right. Albright v. Oliver, 510 U.S. 266, 271 (1994). This they are unable to do. Aside from mentioning in a conclusory fashion that they have been denied due process and equal protection, plaintiffs have not alleged any facts to support the allegations. They allege "unequal and irrational treatment," Doc. 19 at 53, ¶ 143, but admit that they are not in the same category as those they want to be treated like. See Ash Grove Texas, L.P. v. City of Dallas, No. 3:08-CV-2114-O, 2009 WL 3270821, at *12 (N.D. Tex. Oct. 9, 2009). That is, they graduated from TWU Law and they want to be treated like those who graduated from A&M Law after the acquisition by A&M.

Even had plaintiffs alleged sufficient facts to state a claim under Claim 2, the claims against the A&M Defendants are barred by sovereign immunity. Will v. Michigan Dep't of State

Police, 491 U.S. 58, 71 (1989). This includes all the official capacity claims. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Plaintiffs have not pleaded facts sufficient to show that any of the individual defendants can be held personally liable for violation of any federally-protected rights. See Siegert v. Gilley, 500 U.S. 226, 231-32 (1991).

Finally, the court questions whether plaintiffs would have standing in any event, as it appears that alumni generally do not have the right to interfere with the administration of their alma mater (and in this case, the administration of a successor is in issue). See Ad Hoc Comm. Of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll., 726 F. Supp. 522 (S.D.N.Y. 1989); Russell v. Yale Univ., 737 A.2d 941, 946 (Conn. App. Ct. 1999); Steeneck v. Univ. of Bridgeport, No. CV 93 0133773, 1994 WL 463629, at *6 (Conn. Super. Ct. Aug. 18, 1994), aff'd, 668 A.2d 688 (Conn. 1995); Corp. of Mercer Univ. v. Smith, 371 S.E.2d 858 (Ga. 1988)(alumni had no standing to set aside merger).

3.   State Law Claims against A&M Defendants

Plaintiffs assert claims for breach of implied contract (Claim 4), breach of duty of good faith and fair dealing (Claim 6), and tortious interference with prospective contractual relations (second alternative Claim) against the A&M Defendants in their official capacities and against the related individuals

8

in their individual capacities. The claims against A&M and A&M System, as well as the official capacity claims, are barred by sovereign immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-02 (1984); Jackson v. Texas S. Univ., 997 F. Supp. 2d 613, 648 (S.D. Tex. 2014). And, having elected to sue A&M and A&M System, plaintiffs have made an irrevocable election to forego their claims against the related individuals. Molina v. Alvrado, 463 S.W.3d 867, 871 (Tex. 2015); Tex. Civ. Prac. & Rem. Code § 101.106(a). And, in any event, as the A&M Defendants point out and plaintiffs do not dispute, plaintiffs have failed to allege facts to support the existence of their state law claims. See Plotkin v. Joekel, 304 S.W.3d 455, 476 (Tex. App.-Houston [1st Dist.] 2009, pet. denied)(elements of implied contract); Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 262 (5th Cir. 1995)(good faith and fair dealing); Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Centers, Inc., 200 F.3d 307, 316 (5th Cir. 2000)(tortious interference).

B.    Wesleyan Defendants

Plaintiffs purport to assert only state law claims against the Wesleyan Defendants, to wit: Claim 3 (breach of implied contract), Claim 5 (breach of duty of good faith and fair dealing), and the alternate claims (negligence and tortious interference with prospective contracts). They allege that the

9

court has jurisdiction over these claims pursuant to 28 U.S.C. §
1967(a). For the reasons previously discussed, plaintiffs have
failed to state any claims over which the court has original
jurisdiction. Thus, the court does not have jurisdiction over the
claims under consideration. The court is satisfied, in any event,
that plaintiffs have not sufficiently pleaded these claims to
withstand dismissal.

A careful reading of the first amended complaint shows that
plaintiffs do not actually allege any actionable wrongful conduct
by the Wesleyan Defendants. This is clear from the very
beginning, where, in describing the nature of the case,
plaintiffs say that the "suit seeks to require TAMU to recognize
the disavowed graduates" by undertaking certain actions including
reissuing diplomas to plaintiffs. Doc. 19 at 2-3, ¶ 5.
Thereafter, the "facts" section describes alleged bad acts of the
A&M Defendants. See, e.g., id., ¶¶ 92-99. At best, plaintiffs
wish that Wesleyan Defendants had done something to assure that
A&M would acknowledge them as graduates.[5] Plaintiffs do not
allege that the Wesleyan Defendants have failed or refused to
provide them transcripts or references or help in proving that
they graduated from an accredited law school.

_____

[5]Plaintiffs allege that the asset purchase agreement was signed August 2, 2013, and the bill of
sale signed August 12, 2013. Doc. 19 at ¶¶ 83, 86. They urge that Wesleyan Defendants should have
insisted that unidentified protection provisions be included. Id. at ¶¶ 219, 222, 239, 243, 246.

That plaintiffs' claims against Wesleyan Defendants are conclusory and devoid of supporting facts is confirmed by the response to the motion to dismiss. Plaintiffs themselves acknowledge that they cannot specify the contours of any duty allegedly owed them. Doc. 35 at 6, ¶ 15. They now want to urge the court to determine whether Wesleyan Defendants owe them a duty to provide transcripts[6] and how that duty must be performed, but those are not part of the claims asserted. Id. at 6-7, ¶ 19. Nor does plaintiffs' description of their claims match what they have pleaded. See, e.g., id. at ¶ 20 (arguing that they have not pleaded "that TWU had a mystical or legal power" to require the A&M Defendants to recognize them, although that is the essence of their pleading); ¶ 23 (arguing that they are not suing "TWU for its failure to keep them in mind during negotiations" or for "ephemeral vague failures" when that appears to be the basis of their claims).

Although the complaint references, and the motions and responses refer to, the terms of the asset purchase agreement, no one has provided the court a copy. Because plaintiffs do not dispute the allegation that the agreement states that it is solely for the benefit of the parties thereto and is not intended

---

[6]The Wesleyan Defendants do not appear to contest the duty to provide transcripts. As stated, there is no allegation that they have failed or refused to do so.

to confer any third-party beneficiary status, the court accepts that statement as true. Yet plaintiffs' claims are based on the premise that they were (or should have been) intended beneficiaries of the agreement. In addition, they seem to believe that Wesleyan Defendants owe them a duty to cause third parties, including the A&M Defendants, American Bar Association, Southern Association of Colleges and Schools, and Law School Admission Council, to recognize them as graduates of A&M Law. They have not identified any duty, contractual or otherwise, owed to them by Wesleyan Defendants. The cases cited above, among others, indicate that there is no such duty of the kind they wish to enforce.

IV.

Order

For the reasons discussed herein, the court ORDERS that defendants' motions to dismiss be, and are hereby, granted, and that plaintiffs' claims be, and are hereby, dismissed.

SIGNED January 14, 2016.

JOHN McBRYDE
United States District Judge

12